**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREATER CHAUTAUQUA FEDERAL CREDIT UNION, FIRST CHOICE FEDERAL CREDIT UNION, GULF COAST BANK & TRUST COMPANY, GOVERNMENTAL EMPLOYEES CREDIT UNION, and OTEEN V.A. FEDERAL CREDIT UNION, individually and on behalf of a class of similarly situated financial institutions,<br><br>Plaintiffs,<br><br>v.<br><br>KMART CORPORATION and SEARS HOLDINGS CORPORATION,<br><br>Defendants. | : Case No: 1:15-cv-02228<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASS, AND AUTHORIZING DISSEMINATION OF NOTICE

Upon consideration of Plaintiffs' Second Amended Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (the "Motion") (ECF No. 115), it is hereby **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. **Preliminary Settlement Approval and Jurisdiction.** The Court finds that the settlement set forth in the Second Amended Settlement Agreement dated October 24, 2016 (the "Agreement" or "Settlement Agreement"), between Defendants Kmart Corporation and Sears Holdings Corporation (collectively "Defendants") and Plaintiffs Greater Chautauqua Federal Credit Union, First Choice Federal Credit Union, Gulf Coast Bank & Trust Company,

Governmental Employees Credit Union, and Oteen V.A. Federal Credit Union (collectively, "Plaintiffs") individually and as representatives of the Class, subject to final determination following proper notice and a fairness hearing, is sufficiently fair, reasonable, and adequate to authorize dissemination of class notice. This Court has jurisdiction over this Action and each of the parties to the Settlement Agreement. This Order incorporates herein, and makes a part thereof, the Settlement Agreement, including all Exhibits thereto. Unless otherwise provided herein, the terms defined in the Settlement Agreement shall have the same meanings herein.

3. **Class Certification for Settlement Purposes Only.** The Court certifies the following settlement class for settlement purposes only (the "Settlement Class") pursuant to Federal Rule of Civil Procedure 23(b)(3):

> All entities in the United States and its Territories that issued payment cards identified as having been at risk in an Alert issued by Visa or MasterCard as a result of the payment card Data Breach that was publicly disclosed by Kmart on October 10, 2014.
> Excluded from the class are all entities that have entered into a separate release of claims arising from the Data Breach, including American Express Company and DFS Services LLC (Discover).

4. The Court finds that certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) is warranted because:

(a) The Settlement Class is so numerous that joinder of all Settlement Class Members is sufficiently impracticable;

(b) There are sufficient issues of law and fact common to the Settlement Class;

(c) The claims of the Settlement Class Representatives are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members;

(d) The Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class

Representatives have no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class;

(e)     Questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and

(f)     A class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

5.     **Settlement Class Representatives and Settlement Class Counsel:**     The following named Plaintiffs and Settlement Class Members are designated and appointed as the Settlement Class Representatives: Greater Chautauqua Federal Credit Union, First Choice Federal Credit Union, Gulf Coast Bank & Trust Company, Governmental Employees Credit Union, and Oteen V.A. Federal Credit Union.  The Court finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

6.     The Court finds that the following counsel, previously appointed by the Court as interim co-lead or liaison counsel, are experienced and adequate counsel and are hereby designated as Settlement Class Counsel pursuant to Fed. R. Civ. P. 23(g):  Murray Law Firm, Hausfeld, LLP, and Lockridge Grindal Nauen P.L.L.P.

7.     **Appointment of Settlement Administrator.**  The Court approves and appoints the retention of Epiq Systems, Inc. ("Epiq") to serve as Settlement Administrator for this Settlement.  Epiq will work under the direction of Settlement Class Counsel and in accordance with Court orders to provide Class Notice, respond to inquiries from Settlement Class Members,

receive Requests for Exclusion and, at a later time, receive and process Settlement Class Member Claims and distribute Settlement proceeds to Settlement Class Members.

8. **Notice to Settlement Class.** Notice to members of the Class, except any statutory notice required to be given by Defendants pursuant to the Class Action Fairness Act, shall be the responsibility of Settlement Class Counsel.

9. Notice shall be provided to the members of the Class. The Court approves the form of the E-Mail Notice and Long Form Notice (the "Notices") attached as Exhibit D to the Settlement Agreement. The Court finds that the dissemination of the Notices in the manner set forth below constitutes the best notice practicable under the circumstances as well as valid, due, and sufficient notice to all persons and/or entities entitled thereto and complies fully with Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution.

10. The Court approves the notice plan contained in the Declaration of Cameron R. Azari attached as Exhibit D to the Settlement Agreement. Notice, including without limitation, notice of the rights of Settlement Class Members to object to the Settlement or request exclusion from it, shall be given by issuance of notice consistent with the terms of the Settlement Agreement.

11. The Court approves Settlement Class Representatives and Settlement Class Counsel conducting limited discovery from MasterCard and Visa to obtain necessary information to provide notice to the Settlement Class and for settlement administration in accordance with the notice plan contained in the Declaration of Cameron R. Azari.

12. The Court finds that the proposed notice plan (i) is reasonable and constitutes due, adequate and sufficient notice to the Settlement Class, (ii) fairly and adequately describes the terms and effects of the Settlement Agreement, (iii) fairly and adequately descries the date by

4

which the Settlement Class Counsel must file the Motion for Final Approval and Motion for Attorneys' Fees, (iv) fairly and adequately describes the method and date by which any member of the Settlement Class may object to the Settlement or exclude themselves from the Settlement Class, (v) sets a date by which Settlement Class Counsel may respond to any objections to the Settlement, (vi) provides notice to the Settlement Class of the time and place of the Fairness Hearing, and (vii) constitutes reasonable notice under the circumstances and otherwise meets all requirements of applicable law.

13.      The Settlement Administrator shall cause the Email Notice and the Long Form Notice to be disseminated, in substantially the form attached as Exhibits D to the Settlement Agreement, pursuant to the notice plan.

14.      The Settlement Administrator is directed to file with the Court and serve upon Settlement Class Counsel no later than fourteen (14) days before the filing by Settlement Class Counsel of the Motion for Final Approval a declaration confirming that dissemination of the Notice to the Class has taken place in accordance with this Order.

15.      Settlement Class Counsel are authorized to pay from the Settlement Fund the costs, as they are incurred, of providing Notice in accordance with this Order and maintaining the Settlement Fund, including taxes and tax expenses.

16.      **Opt-Outs from the Settlement Class.**  Settlement Class Members who wish to be excluded from the Class shall mail a written Request for Exclusion to the Settlement Administrator, so that it is postmarked no later than  January 5, 2017, shall clearly state the following: the Settlement Class Member's name, address, telephone number, statement that the Settlement Class Member wants to be excluded, the name of this proceeding (*Greater Chautauqua Federal Credit Union, First Choice Federal Credit Union, Gulf Coast Bank & Trust*

*Company, Governmental Employees Credit Union, and Oteen V.A. Federal Credit Union v. Kmart Corp. and Sears Holdings Corp.*, Case No. 1:15-cv-02228), and signature, and shall provide all such information as may be required by the Settlement Agreement or requested by the Settlement Administrator.

17.     Each Settlement Class Member that submits a request to opt out in accordance with the previous sentence and the provisions of the Preliminary Approval Order shall be excluded from the Settlement Class.  Settlement Class Members seeking to opt out will also be asked to provide the number of accounts that they issued.  Within seven (7) days of the date set forth in the Notices by which opt-out requests must be postmarked, Settlement Class Counsel shall cause the Settlement Administrator to send to Settlement Class Counsel and to Sears/Kmart's Counsel:  (i) copies of all requests to opt out; (ii) a report identifying (a) each Settlement Class Member that submitted a request to opt out; (b) the number of accounts issued by each such Settlement Class Member; and (c) the Settlement Administrator's determination as to the validity or invalidity of each such Settlement Class Member's request to opt out pursuant to the provisions of Section 4.4.4 of the Settlement Agreement and the Preliminary Approval Order (the "Opt-Outs Report").

18.     Any Settlement Class Member who does not properly and timely mail a Request for Exclusion as set forth above shall be automatically included in the Class and shall be bound by all the terms and provisions of the Settlement Agreement, the Settlement, this Order Granting Preliminary Approval of Settlement, and the Final Approval Order and Judgment, whether or not such Settlement Class Member received actual notice or shall have objected to the Settlement and whether or not such Settlement Class Member makes a Claim upon or participates in the Settlement.

6

19.     To effectuate the Settlement Agreement and Settlement, the Settlement Administrator shall be responsible for the receipt and processing of all Requests for Exclusion and Claim Forms.

20.     Settlement Class Members who have not requested exclusion from the Class may object to the Settlement.  Any Settlement Class Member who chooses to object to the Settlement must file written notices of intent to object with the Court and serve copies of any such objection on counsel for the Parties.  Any Settlement Class Member who files a valid objection may appear at the Final Approval Hearing, in person or by counsel, and be heard to the extent permitted under applicable law and allowed by the Court, in opposition to the fairness, reasonableness and adequacy of the Settlement, and on Plaintiffs' Counsel's Fee Request.  The right to object to the Settlement must be exercised individually by an individual Settlement Class Member and, except where represented by counsel, not be the act of another entity acting or purporting to act in a representative capacity.

21.     **Objections.**  To be effective, a notice of intent to object to the Settlement that is filed with the Court must:

(a)     Contain a caption that includes the name of the case as follows:  *Greater Chautauqua Federal Credit Union, First Choice Federal Credit Union, Gulf Coast Bank & Trust Company, Governmental Employees Credit Union, and Oteen V.A. Federal Credit Union v. Kmart Corp. and Sears Holdings Corp.*, Case No. 1:15-cv-02228;

(b)     Settlement Class Member's name, address, telephone number, statement that the Settlement Class Member wants to be excluded and intends to object, and signature;

(c)     Be filed with the Northern District of Illinois Clerk of the Court on or before January 5, 2017;

7

(d)     Be served on Settlement Class Counsel and counsel for Defendants so as to be received not later than January 5, 2017;

(e)     Contain the name, address, bar number and telephone number of the objecting Settlement Class Member's counsel, if represented by an attorney;

(f)     Contain the number of class action settlements objected to by the Settlement Class Member in the last three years; and

(g)     State whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing.

22.     In addition to the foregoing, if the Settlement Class Member is represented by counsel and such counsel intends to speak at the Final Approval Hearing, a notice of intent to object must contain the following information:

(a)     A detailed statement of the specific legal and factual basis for each and every objection; and

(b)     A detailed description of any and all evidence the objecting Settlement Class Member may offer at the Final Approval Hearing, including copies of any and all exhibits that the objecting Settlement Class Member may introduce at the Final Approval Hearing.

23.     Any Settlement Class Member who does not file a timely and adequate notice of intent to object in accordance with these provisions waives the right to object or to be heard at the Final Approval Hearing and shall be forever barred from making any objection to the Settlement.  To the extent any Settlement Class Member objects to the Settlement, and such objection is overruled in whole or in part, such Settlement Class Member will be forever bound by the Final Approval Order and Judgment of the Court.

24.     To the extent any Settlement Class Member files an objection to the Settlement, Plaintiffs' Counsel or counsel for Defendants may seek leave of Court to conduct expedited discovery regarding the subject matter that was raised in the objection.

25.     **Claims Process and Distribution Plan.**  Settlement Class Counsel has created a process for assessing and determining the validity of claims and a payment methodology to Settlement Class Members who submit a timely, valid claim form.  The Court preliminary approves the Distribution Plan substantially in the form attached to the Settlement Agreement as Exhibit A, and directs the Settlement Administrator to effectuate the Distribution Plan according to the terms of the Settlement Agreement.

26.     In order to be entitled to participate in the Settlement (as defined in the Settlement Agreement, Settlement Fund Distribution Plan, and the Notice), a member of the Class who has not requested exclusion therefrom must submit a valid Claim on or before January 5, 2017.  Any member of the Class who does not submit a timely, valid Claim shall not be entitled to share in the Settlement, but nonetheless shall be barred and enjoined from asserting any of the released claims.

27.     **Final Approval Hearing.**  The Final Approval Hearing will be held before this Court, in Courtroom 1225, at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604,  on February 3, 2017 at 11:00 a.m., or another date set by the Court, to consider, *inter alia*, the following: (a) the fairness, reasonableness and adequacy of the Settlement; (b) the dismissal with prejudice of the Action as to Defendants; (c) whether Settlement Class Counsel's application for attorneys' fees, expenses, and compensation for the Class Representatives ("the Fee Request") should be granted; (d) whether to finally approve the Settlement Agreement; and

(e) whether the Court should enter an order expressly determining that there is no just reason for delay and expressly directing that any judgment by the Court approving the Agreement and the Class should be deemed as a final judgment under Fed. R. Civ. P. 54(b) with respect to all Claims by Settlement Class Members against Defendants and all Released Parties.

28.     No later than fourteen (14) calendar days before the Final Approval Hearing, the Settlement Administrator shall file with the Court a sworn declaration verifying that notice was provided to Settlement Class Members in accordance with the terms of this Order and provide to Plaintiffs' Counsel and counsel for Defendants the following information: (i) the number of Notices sent to Settlement Class Members; (ii) the approximate number of visits to the Settlement website from the date of entry of a Preliminary Approval Order; (iii) the names of Settlement Class Members who have requested exclusion from the Settlement; and (iv) such other similar tracking information reasonably requested by Plaintiffs' Counsel and Defendants' counsel.

29.     Settlement Class Counsel shall file a motion and memorandum seeking final approval along with any declarations, statements and/or other materials in support of final approval of the Settlement Agreement and the Fee Request, no later than November 21, 2016.

30.     The Parties shall file any responses to any objections from Settlement Class Members no later than January 20, 2017.

31.     The Settlement on the terms and conditions of the Settlement Agreement filed concurrently with the Motion for Preliminary Approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any

violation of law by Defendants. The Settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other party or person.

32.     Upon Final Approval, each and every term and provision of the Settlement Agreement (except as may be modified by the Final Approval Order) shall be deemed incorporated into the Final Approval Order and Judgment as if expressly set forth and shall have the full force and effect of an order of the Court.

33.     In the event that the Settlement is terminated in accordance with the provisions of the Settlement Agreement, the Settlement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided in the Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs and Defendants.

34.     Neither this Order nor the Settlement Agreement, nor any documents or statements related thereto, shall constitute any evidence or admission of liability by Defendants and/or any Released Party, nor shall any such document or statement be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order.

35.     Summary of Dates and Deadlines:

| | |
|---|---|
| Last day to disseminate class notice: | November 18, 2016 |
| Last day for objections to Settlement or opposition to Motion for Final Approval of Fee Request: | January 5, 2017 |
| Last day for Settlement Class Members to make claims or opt-out of the Settlement: | January 5, 2017 |
| Last day for the Parties to file responses to any Settlement Class Member objections and for Final Approval: | January 20, 2017 |
| Last day to file Motion for Attorneys' Fees and Expenses: | November 21, 2016 |

11

| Fairness Approval (Final Fairness) Hearing: | February 3, 2017 |
| --- | --- |

**IT IS SO ORDERED.**

DATED November 17, 2016

_____
The Honorable John Z. Lee
Judge, United States District Court
Northern District of Illinois

12