IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREATER CHAUTAUQUA FEDERAL CREDIT UNION, FIRST CHOICE FEDERAL CREDIT UNION, GULF COAST BANK & TRUST COMPANY, GOVERNMENTAL EMPLOYEES CREDIT UNION, and OTEEN V.A. FEDERAL CREDIT UNION, individually and on behalf of a class of similarly situated financial institutions,<br><br>    Plaintiffs,<br><br>    v.<br><br>KMART CORPORATION and SEARS HOLDINGS CORPORATION,<br><br>    Defendants. | Case No: 1:15-cv-02228<br><br>**JURY TRIAL DEMANDED** |

## DECLARATION OF ARTHUR M. MURRAY

I, Arthur M. Murray, declare:

1. I am a partner in the Murray Law Firm. I submit this Declaration in support of the application for an award of fees and the reimbursement of expenses incurred in the course of this litigation related to the investigation, prosecution, and settlement of the above-captioned matter. My firm has acted as Co-Lead Counsel for the Class Plaintiffs since being appointed as Interim Co-Lead Counsel by the Court on October 21, 2015.

2. My firm has collected time and expense reports from each of the nine firms participating in this litigation ("Plaintiffs' Counsel"), from inception to present.

3. Plaintiffs' Counsel's compensation for services rendered in this case is, and has at all times been, wholly contingent on the success of this litigation.

4. The expenses incurred in prosecuting this case are reflected in the books and record of Plaintiffs' Counsel as they are maintained in the ordinary course of business. These books and records are prepared from expense vouchers and check records and are an accurate record of the expenses incurred. To date, Plaintiffs' Counsel have collectively incurred $88,233.76 in out-of-pocket expenses in prosecuting this action. These expenses were reasonably necessary to the prosecution of this action and are of the type that counsel in such cases normally incur. These include such items as $57,549.88 in travel expenses, $916.31 in copying/printing, and $20,316.77 in mediation fees. Counsel have maintained detailed records enumerating these expenses and will provide it to the Court upon request.

5. Plaintiffs' Counsel anticipate expending a maximum of $5,000 in reasonable costs and expenses while administering the Settlement, effectuating notice to the Class, responding to Class member inquiries, and preparing for and participating in the final approval hearing for the Settlement.

6. Plaintiffs Counsel's work on behalf of the class has included:

- Conducting research, including witness interviews; initiating and facilitating meetings with potential witnesses; and conducting research and analysis regarding the Kmart data breach and the payment card industry;

- Researching, compiling evidence for, and filing individual complaints and the Consolidated Amended Complaint, Dkt. 44;

- Researching and preparing to response to Defendants' Motion to Dismiss, Dkt. 65, prior to the staying of the litigation;

- Analyzing all of the contested legal and factual issues posed by the litigation in order to make accurate demands and evaluations of the Defendants' positions during settlement negotiations;

- Engaging in extended, arm's-length settlement negotiations with Defendants, through three in-person mediations with the participation of a well-respected former federal judge serving as mediator, as well as numerous related telephonic conferences;

- Designing a unique settlement framework that relied on Plaintiffs' Counsel's in-depth knowledge of the various card brand recovery processes;

- Researching and drafting preliminary approval papers and participating in three preliminary approval hearings;

- Soliciting and negotiating bids from claims administrator and notice vendors to effectuate the Settlement and preparing an extensive notice program to provide notice to potential claimants from the settlement funds; and

- Negotiating protective orders with Visa and MasterCard and subpoenaing class member data from those entities.

7. As of October 3, 2016, Plaintiffs' Counsel had collectively expended approximately 3,000 hours in this matter. At current rates, the aggregate lodestar reported by all counsel, derived by multiplying hours expended by each timekeeper's current hourly rate, is $1,745,273.83. Plaintiffs' Counsel anticipate expending an additional $25,000 - $50,000 in lodestar to complete notice and administration of the Settlement and to seek final approval.

8. Each of the five Settlement Class Representatives in this matter were involved in all aspects of this litigation. Prior to the filing of the Consolidated Amended Complaint, Class Counsel relied on the Settlement Class Representatives for information regarding the circumstances surrounding the breach and the extent of damages incurred. Once the parties entered into mediation, at Kmart's request, each Settlement Class Representative was asked to provide a detailed accounting of fraud losses, card reimbursement costs, overhead expenses, and other costs attributable to the breach, which helped to drive and inform settlement discussions.

4

I declare under penalty of perjury that the foregoing is true and correct. Executed this 21st day of November, 2016, at San Francisco, CA.

_____
Arthur M. Murray