## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREATER CHAUTAUQUA FEDERAL CREDIT UNION, FIRST CHOICE FEDERAL CREDIT UNION, GULF COAST BANK & TRUST COMPANY, GOVERNMENTAL EMPLOYEES CREDIT UNION, and OTEEN V.A. FEDERAL CREDIT UNION, individually and on behalf of a class of similarly situated financial institutions, | Case No: 1:15-cv-02228<br><br>**JURY TRIAL DEMANDED** |
| Plaintiffs, | |
| v. | |
| KMART CORPORATION and SEARS HOLDINGS CORPORATION, | |
| Defendants. | |

**PLAINTIFFS' UNOPPOSED MOTION TO APPROVE THE ALLOCATION PLAN AND TO ENTER AN EXPEDITED ORDER GRANTING FINAL APPROVAL**

Plaintiffs Greater Chautauqua Federal Credit Union, First Choice Federal Credit Union, Gulf Coast Bank & Trust Company, Governmental Employees Credit Union, and Oteen V.A. Federal Credit Union ("Plaintiffs"), by their undersigned counsel, respectfully request that the Court approve the Allocation Plan (as set forth in Exhibit A) and enter the Order and Final Judgment previously submitted with Plaintiffs' Motion for Final Approval. Furthermore, Plaintiffs respectfully request that this unopposed motion be given expedited consideration for the reasons stated at the Final Approval Hearing on May 19, 2017.

At the May 19, 2017 Final Approval Hearing, the Court granted Class Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds, subject to this Court's review and approval of the final allocation plan (ECF No. 147). Pursuant

1

to the Court's request, Plaintiffs hereby submit the Allocation Plan (attached hereto as Exhibit A) for the Court's review and approval.

The purpose of an allocation plan is to provide a fair and equitable distribution of the settlement funds among eligible Settlement Class Members, and the Allocation Plan attached hereto does just that. If approved, the Allocation Plan would grant a settlement award to 328[1] Settlement Class Members. This means that over 97% of the Settlement Class Members who filed a claim would receive a settlement award.[2]

For Tier 1 Claims, the Allocation Plan would provide a settlement award to 251 Settlement Class Members. Each of these Settlement Class Members would receive the maximum payout of $2.38 per card claimed. Collectively, these Settlement Class Members would receive a minimum total payout of $740,515.58 for Tier 1.

For Tier 2 Claims, the Allocation Plan would provide a settlement award to 166 Settlement Class Members. Each of these Settlement Class Members would receive a *pro rata*

---

[1] The number of Settlement Class Members does not equal the number of claims because some Settlement Class Members filed claims in both Tier 1 and Tier 2. Of the 337 Settlement Class Members that filed claims, a total of 159 Settlement Class Members filed claims only in Tier 1, a total of 77 Settlement Class Members filed claims only in Tier 2, and a total of 101 Settlement Class Members filed claims in both Tier 1 and Tier 2. Accordingly, a total of 260 claims were filed in Tier 1 and 178 claims were filed in Tier 2.

[2] Epiq is in the process of contacting the Settlement Class Members who filed deficient Claims and has allowed 10 business days for each Settlement Class Member to provide supporting documentation related to their Claim. Any submitted supporting documentation will be evaluated using the same criteria outlined in the attached narrative, and previously "deficient" Claims may be re-categorized as valid and eligible. This process may result in an increase to the number of valid and eligible Claims, but the number of paid claims shall not be reduced from what is currently contemplated in Exhibit A. Only 21 claims were deemed deficient out of the 438 total claims submitted in Tier 1 and Tier 2.

amount of the total funds in Tier 2. The minimum total payout under Tier 2 would be $4,294,607.88.[3]

WHEREFORE Plaintiffs request that the Court grant their unopposed motion and enter the Order and Final Judgment.

Dated: June 2, 2017

Respectfully submitted,

*/s/ Katrina Carroll*
Katrina Carroll
kcarroll@litedepalma.com
Kyle A. Shamberg
kshamberg@litedepalma.com
Ismael T. Salam
isalam@litedepalma.com
**LITE DEPALMA GREENBERG, LLC**
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
312.750.1265

*Counsel for Plaintiffs*

Arthur M. Murray
Stephen B. Murray
Caroline W. Thomas
**Murray Law Firm**
650 Poydras Street
Suite 2150
New Orleans, LA 70130
505-525-8100
Email: amurray@murray-lawfirm.com
Email: smurray@murray-lawfirm.com
Email: cthomas@murray-lawfirm.com

James J. Pizzirusso
Swathi Bojedla
**Hausfeld, LLP**

---

[3] This number is based on a maximum Tier 1 payout of $777,484.12 and a $50,000.00 collective service award.

1700 K. Street, NW
Suite 650
Washington, DC 20006
202-540-7200
Email: jpizzirusso@hausfeld.com
Email: sbojedla@hausfeld.com

Karen H. Riebel
Heidi M. Silton
Kate M. Baxter-Kauf
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
612-339-6900
Email: khriebel@locklaw.com
Email: hmsilton@locklaw.com
Email: kmbaxter-kauf@locklaw.com

*Co-Lead Class Counsel for the Financial Institutions*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2017, that I served the above and foregoing using the CM/ECF system, by which notification of such filing was electronically sent and served to all known counsel of record.

*/s/ Katrina Carroll*

4